**JIA SONG WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2682–ag.

United States Court of Appeals, Second Circuit.

Dec. 30, 2008.

UPON DUE CONSIDERATION of this petition for review of a decision of the

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jia Song Wang, a native and citizen of the People's Republic of China, seeks review of the May 13, 2008 order of the BIA affirming the November 3, 2006 decision of Immigration Judge ("IJ") Douglas Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Song Wang*, No. A98 560 282 (B.I.A. May 13, 2008), *aff'g* No. A98 560 282 (Immig. Ct. N.Y. City, Nov. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisput-

ed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, Wang has failed to exhaust his argument that the immigration judge erred in finding that he could reasonably relocate within China. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he or she later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Therefore, because Wang failed to raise this argument on appeal before the BIA, and because the Government has raised this failure to exhaust in its brief, we decline to consider this issue. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."). As a finding that a petitioner can reasonably relocate "safely constitutes a ground, in and of itself, on which an IJ's denial of withholding of removal [and asylum] may be based," *Steevenez,* 476 F.3d at 117–18, we need not address the alternate grounds upon which the agency denied that relief.

As to the Petitioner's CAT claim, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Here, Petitioner addresses the denial of CAT relief in a "single conclusory sentence," we deem that claim to have been waived. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).